IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Kent McNeill,<br><br>          Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>          Respondents. | No. CV 11-01732-PHX-JAT (ECV)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

Petitioner proceeding pro se has filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty). (Doc.1). Respondents have filed an Answer (Doc. 11) and Petitioner has filed a Reply. (Doc. 14).

**I.     Background**

Petitioner was charged in Maricopa County Superior Court on January 18, 2005, with theft of a means of transportation, a class 3 felony. (Doc. 11, Ex. A). The State separately alleged that Petitioner had four historical felonies. (Ex. B). Petitioner was tried before a jury who returned a guilty verdict as charged. (Ex. K). At a separate aggravation hearing, the trial court found that Petitioner had four prior felony convictions: (1) attempted possession

of a dangerous drug, a class 5 felony, on September 30, 1997; (2) possession of marijuana, a class 6 felony on November 4, 1996; (3) possession of drug paraphernalia, a class 6 felony, on November 23, 1993; and (4) possession of marijuana for sale, a class 4 felony, on September 24, 1991. (Exs. B, N & O). On September 21, 2005, the trial court sentenced Petitioner to a mitigated term of 10 years incarceration and entered Judgment. (Ex. Q & R).

Petitioner appealed and argued that the trial court had erred in denying the motion to suppress evidence. (Exs. S-U). On February 6, 2007, the Arizona Court of Appeals affirmed Petitioner's conviction and sentence. (Ex. V, State v. Robert Kent McNeill, No. 1 CA-CR 05-1065 (Mem. Decision)). Petitioner did not seek discretionary review in the Arizona Supreme Court.

On March 21, 2007, Petitioner filed a notice of post-conviction relief in the Superior Court. (Ex. W). The trial court appointed counsel to represent Petitioner. (Ex. X). Appointed counsel filed notice that following a review of the record he was unable to find any claims for relief to raise on Petitioner's behalf. (Ex. Z).

On November 9, 2007, Petitioner filed a pro per petition for post-conviction relief ("PCR") alleging ineffective assistance of counsel based on several grounds. (Ex. BB). The State filed a response (Ex. CC) and Petitioner filed a reply. (Ex. DD). On April 11, 2008, the trial court summarily dismissed the petition, finding as follows:

> Petitioner claims his attorney was ineffective because he failed to do any independent investigation, failed to have certain evidence fingerprinted, failed to convince Petitioner not to testify at trial, and failed to call a witness at trial. In order to prevail in a post-conviction proceeding under Rule 32 . . . Petitioner must establish both deficient performance and prejudice. Rule 32.5 . . . requires Petitioner to support his allegation with affidavits, records or other evidence. Petitioner in this matter fails to comply with that requirement. Specifically, Petitioner fails to show what evidence would have been uncovered if fingerprinting had been done. He fails to state what evidence his attorney would have learned from further investigation. He also does not show that his attorney's actions were unreasonable or that the trial results would have been different if such an action had been taken. With regard to petitioner's testimony at trial, it is a defendant's choice on whether to testify at trial. No affidavit or other documentation was provided to support his claim that his attorney should have done something different with regard to Petitioner's decision to testify. Finally, the Petitioner's claim that his counsel was deficient for failing to call a witness at trial is unsupported by affidavit

detailing what that witness would have said. Further, Petitioner's allegation that he was prejudiced by the alleged failure to call that witness is mere speculation in light of his failure to provide the supporting affidavit. The Court finds that Petitioner has failed to establish a colorable claim for post-conviction relief. (Ex. EE).

Petitioner filed a petition for review (Ex. FF), which the Arizona Court of Appeals denied on December 30, 2009. (Ex. JJ).

On January 27, 2010, Petitioner filed a second pro per notice of post-conviction relief and a second PCR claiming he had only one historical prior felony rather than two and thus had been improperly sentenced. (Ex. KK). Petitioner contended that trial and appellate counsel had been ineffective for failing to object or challenge the enhancement allegation of his historical priors and that the trial court's imposition of sentence violated his due process rights under the Fourteenth Amendment. (Id.). On February 19, 2010, the state trial court dismissed Petitioner's second PCR as untimely:

> This is defendant's second Rule 32 proceeding. Defendant claims ineffective assistance of trial, appellate, and PCR counsel, and that his constitutional rights were violated by this court and the court of appeals. Defendant additionally argues that he was denied his right to a general review of the record by this court and the court of appeals. As a consequence of this denial of his right to review, defendant asserts that both courts failed to discover that defendant only had one eligible prior for sentencing purposes. Defendant cannot raise these claims in an untimely Rule 32 proceeding because an untimely notice may only raise claims pursuant to Rule 32.1(d), (e), (f), (g), or (h). Rule 32.4(a), Arizona Rules of Criminal Procedure. In addition, defendant is precluded from relief on these claims pursuant to Rule 32.2(a), Ariz.R.Crim.P., because these claims either were or could have been raised on appeal or in a prior Rule 32 proceeding. (Ex. LL).

Petitioner filed a motion for rehearing (Exs. MM-OO) which the state trial court denied. (Ex. PP). On June 10, 2010, Petitioner filed a petition for review in the State Court of Appeals (Ex. QQ) that was denied on January 24, 2012. (Ex. RR).

Meanwhile, on September 8, 2010, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in the federal district court. (Robert Kent McNeill v. Charles Ryan, et al., No. CV-10-01969-JAT). The district court sua sponte dismissed the federal habeas petition without prejudice for failure to exhaust state remedies. (Id., Doc. 3, Order). On August 29, 2011, Petitioner filed the present federal habeas petition. (Doc. 1, Pet.).

## II. Discussion

Petitioner asserts two grounds in his federal habeas petition. In Ground One, Petitioner contends that trial counsel was ineffective in failing to fully investigate the case and in failing to call a defense witness who would have corroborated Petitioner's testimony and damaged the testimony of the State's key witness. (Pet. at 6). In Ground Two, Petitioner contends that the trial court improperly used out-dated prior felony convictions to enhance Petitioner's sentence and that trial, appellate, and post-conviction counsel were ineffective for not challenging the sentence enhancement in violation of due process. (Id. at 7).

Respondents contend that Petitioner's federal habeas petition is barred by the statute of limitations. Respondents contends further that Petitioner has not demonstrated that the untimeliness of his federal habeas petition should be excused based on equitable tolling. (Doc. 11 at 9, 13).

### A. Timeliness of the Petition

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner must file a petition for writ of habeas corpus within one year of the date the judgment of conviction became final in state court "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "The time during which a properly filed application for post-conviction or other collateral review [regarding] the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In other words, the running of the 1-year limitation period is tolled during the time period that a properly filed post-conviction or collateral review application is pending in the state court, including the intervals between the disposition of an appeal or post-conviction petition and the next state appellate level. 28 U.S.C. § 2244(d)(2); *Carey v. Saffold*, 536 U.S. 214, 220-21 (2002). The AEDPA's limitation period is not tolled from the time a final decision is issued on direct appeal and the time of the first state collateral challenge because "there is no case 'pending' during that interval." *Nino v. Galaza*, 183 F.3d 1003, 1005-06 (9th Cir. 1999) (implied

- 4 -

1 overruling on other grounds, as recognized by *Nedds v. Calderon*, 678 F.3d 777, 781-82 (9th Cir. 2012)). The AEDPA also is not tolled during the hiatus between the end of the first round of habeas proceedings and the start of a second round of habeas proceedings. *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003).

Petitioner's conviction became final 30 days after the Arizona Court of Appeals affirmed his conviction and sentence on February 6, 2007, that is, March 8, 2007, because Petitioner did not seek discretionary review in the State Supreme Court. Ariz.R.Crim.P. 32.9(c); *Gonzalez v. Thaler*, 132 S.Ct. 641, 656 (2012) (for a state prisoner who does not seek review in the State's highest court, the judgment becomes "final" on the date that the time for seeking such review expires); *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007) (direct appeal is final upon expiration of time for seeking further appellate review).

Petitioner tolled the statute of limitations period by filing his first notice of post-conviction relief on March 21, 2007. After the trial court denied the petition, the State Court of Appeals denied review of the first PCR on December 30, 2009. Petitioner had 30 days to seek to seek review in the State Supreme Court. Ariz.R.Crim.P. 32.9(c). Because he did not seek such review, the limitations period began to run on January 30, 2010. Petitioner thereafter had 365 days from that date to file a timely federal habeas petition, that is, until January 30, 2011, unless the time was tolled by a "properly filed" application for post-conviction relief.

Petitioner's second PCR did not toll the limitations period because it was dismissed as untimely, and thus not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). "[T]ime limits on post-conviction petitions are 'condition[s] to filing,' such that an untimely petition would not be deemed 'properly filed.'" *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2008) (quoting *Artuz v. Bennett*, 531 U.S. 4, 11 (2000)).

The limitations period was not tolled either when Petitioner filed his first federal habeas petition on September 8, 2010. That habeas petition was dismissed because Petitioner

- 5 -

had not exhausted his Ground Two claims in state court. The district court indicated in the Order of dismissal that it could not adjudicate "mixed petitions." *See Rose v. Lundy*, 455 U.S. 509 (1982) (adopting "total exhaustion rule"). When a mixed petition has been filed, the federal district court must either dismiss the petition or "stay and abey" the unexhausted claim(s) pending the state court's determination of the matter. *See Rhines v. Weber*, 544 U.S. 269 (2005). Stay and abeyance is to be employed infrequently in limited circumstances. *Id.* at 277-78. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. The district court would abuse its discretion if it granted the petitioner a stay when his unexhausted claims are "plainly meritless." *Id.*

Here, Petitioner's second PCR was precluded by Ariz.R.Crim.P. 32's filing deadline and thus the claims asserted were procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (where habeas petitioner was time-barred from presenting claims in state court, claims are procedurally defaulted). In addition, Petitioner did not assert "good cause" for his failure to exhaust. *See Rhines*, 544 U.S. at 277-78; *See also Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008) (rejecting "broad" interpretation of "good cause" that would allow "routine stays of mixed petitions" as "undermining the goals of AEDPA.").

Although the federal district court's order dismissing Petitioner's mixed petition allowed the limitations period to continue to run, Petitioner was not unfairly prejudiced. Petitioner was not prevented from timely pursuing his exhausted claims. As explained in *Rhines*, where the district court determines that a stay and abeyance is not warranted, a petitioner may still pursue his exhausted claims by amending his petition to delete the unexhausted claims, thereby avoiding the running of the statute of limitations as to those claims. *Id.* at 278 (citing *Lundy*, 544 U.S. at 520). The district court is not required to advise a petitioner of this procedural option because "district judges have no obligation to act as

- 6 -

1 counsel or paralegal to pro se litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004).  Further,
2 at the time of filing his habeas petition, Petitioner was aware of the stay and abeyance
3 procedure, which he refers to in his citation to *Bonner v. Carey*, 425 F.3d 1145, 1150 (9th
4 Cir. 2005).  (Doc. 1, at 24-25).  After the district court dismissed the mixed petition,
5 Petitioner proceeded with his second PCR in state court and did not file his current federal
6 habeas petition until some seven months after the limitations period had run. Petitioner's
7 claims are time-barred.

8       **B.**      **Equitable Tolling**

9 A petitioner is entitled to equitable tolling of the AEDPA if he can show both "'(1)
10 that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance
11 stood in his way.'" *Holland v. Florida*, 130 S.Ct. 2549, 2562-63 (2010) (quoting *Pace*, 544
12 U.S. at 418).  As to the second required circumstance, "[e]quitable tolling is applicable only
13 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a
14 petition on time." *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006) (quoting *Calderon v.*
15 *United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9thCir. 1997)), overruled on other
16 grounds by *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 350 (9th Cir. 1998) (en
17 banc).

18 Petitioner contends in his Reply that he was denied 2004 law books and materials at
19 the prison so he could not mount his defense. (Reply at 1-2).  Petitioner contends that he has
20 a constitutional right to represent himself and he "repeatedly" requested the prison to furnish
21 the law books but the prison refused to make the materials available.  (Id. at 2).

22 A claim that a petitioner is proceeding pro se and is unfamiliar with the law is not
23 sufficient to show extraordinary circumstances beyond a prisoner's control to justify
24 equitable tolling. *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010); *Raspberry v.*
25 *Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).  Petitioner's lack of familiarity with the law
26 and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll
27 the limitations period. *See Medley v. Ryan,* 2012 WL 6814246, at *5 (D.Ariz. Dec. 10, 2012)

28

(a petitioner's pro se status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances). Furthermore, the absence of legal assistance or access to a law library do not warrant equitable tolling. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that there is no "freestanding right to a law library or legal assistance."). Petitioner has not demonstrated that he is entitled to equitable tolling.

**III.     Conclusion**

Having determined that Petitioner's claim asserted in his federal habeas petition is barred by the statute of limitations and no excuse exists based on equitable tolling, the Court will recommend that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED:**

That the Petition Under 28 U.S.C. § 2254 For A Writ of Habeas Corpus By A Person In State Custody (Non-Death Penalty) (Doc. 1) be **DENIED AND DISMISSED WITH PREJUDICE;**

**IT IS FURTHER RECOMMENDED:**

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the

1 district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121
2 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the
3 Magistrate Judge will be considered a waiver of a party's right to appellate review of the
4 findings of fact in an order of judgment entered pursuant to the Magistrate Judge's
5 recommendation. *See* Fed. R. Civ. P. 72.

6     DATED this 29th day of April, 2013.

*/s/ Edward C. Voss*
Edward C. Voss
United States Magistrate Judge